IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DALLAS MCINTOSH, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 3:16-cv-1018-JPG-RJD |
| NICHOLAS GAILIUS, et al., | ) ) ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Leave to File a Third Amended Complaint (Doc. 37). For the reasons set forth below, the Motion is **GRANTED IN PART AND DENIED IN PART**.

**Procedural Background**

Plaintiff Dallas McIntosh, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 for an unlawful traffic stop, search, and seizure that allegedly occurred in Fairview Heights, Illinois, on September 25, 2012. Plaintiff's First and Second Amended Complaints were screened pursuant to 28 U.S.C. §1915A, and he is currently proceeding on the following claims:

Count One: Fourth Amendment claim against Stratman and Blair for the unlawful stop, search and seizure of Plaintiff on September 25, 2012.

Count Two: Fourteenth Amendment equal protection claim against Stratman and Blair for stopping Plaintiff and searching him and/or his vehicle without probable cause.

Count Three: Fourteenth Amendment equal protection claim against the City of Fairview Heights, Illinois, including Gailius, for maintaining a policy, custom or practice of stopping individuals without probable cause based on racial

animus.

Count Four: Conspiracy claims against Defendants Stratman, Blair, Gailius, and the City of Fairview Heights for working together to deprive Plaintiff of his constitutional rights and covering up their misconduct in connection with the traffic stop, search and seizure that occurred on September 25, 2012.

In his motion to amend now before the Court, Plaintiff seeks to add Brendan Kelly, Timothy Mueller, and James Piper as defendants in Count Four. Plaintiff also seeks to identify the wrongful acts and involvement of his criminal attorneys Rosenblum and Mettes with regard to their participation in the acts alleged in Count Four; however, Plaintiff does not name these individuals as defendants in his proposed third amended complaint. Plaintiff seeks to outline and provide additional narrative concerning certain events related to the production of discovery in his criminal case. Finally, Plaintiff indicates he has amended his complaint to add four state law claims and directs the Court to paragraphs 152 to 155 of his proposed amended complaint.

## Discussion

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) (quoting *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985)) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at

any time to conform to the evidence."). A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

First, the Court considers Plaintiff's attempt to add Brendan Kelly, Timothy Mueller, and James Piper as defendants in Count Four. In its screening of Plaintiff's First Amended Complaint, the Court dismissed the conspiracy claim in Count Four as to Kelly, Mueller, and Piper because the other constitutional claims set forth in Counts One and Five were subject to dismissal and conspiracy is not an independent basis for liability in § 1983 actions. *See Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008). Plaintiff contends that because the Court allowed him to move forward on his Fourth Amendment claim against Stratman and Blair (Count One) in its screening of the Second Amended Complaint, his conspiracy claim against Kelly, Mueller, and Piper concerning their efforts to cover up misconduct in connection with the September 25, 2012 traffic stop, must survive. The Court agrees.

Plaintiff alleges that Kelly, Gailius, Piper, Mueller, Stratman, and Blair engaged in a coordinated conspiracy to conceal Stratman and Blair's misconduct related to the traffic stop on September 25, 2012. In particular, Plaintiff alleges that Kelly and Gailius orchestrated a conspiracy between the Fairview Heights Police Department and the State's Attorney's Office to conceal the misconduct of Stratman and Blair and, along with Mueller and Piper, acted to fabricate probable cause for the September 25, 2012 traffic stop. Because Plaintiff has identified the parties, general purpose, and approximate date of the alleged conspiracy engaged in between Stratman, Blair, Gailius, the City of Fairview Heights, Kelly, Mueller, and Piper, he has sufficiently pled a § 1983 conspiracy claim. Further, his conspiracy claim against Kelly, Mueller, and Piper may now proceed because Plaintiff is moving forward on his Fourth Amendment claim

against Defendants Stratman and Blair for conducting an unlawful stop, search, and seizure of him on September 25, 2012. *See Cefalu v. Village of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000) ("The jury's conclusion that the [plaintiffs] suffered no constitutional injury thus forecloses relief on the conspiracy claim.") (internal citations omitted). *See also Tillman v. Burge*, 813 F.Supp.2d 946, 975 (N.D. Ill. 2011) ("The Defendant Officers assert that to the extent that Plaintiff's other constitutional claims fail, those same allegations cannot support the derivative conspiracy claims … Because the substantive claims in Counts I and IV have survived Defendants' motion, however, the conspiracy allegations will not be dismissed on that basis.").

The Court next considers Plaintiff's allegations concerning the purported wrongful acts of his criminal attorneys and their participation in the conspiracy alleged in Count Four. Notably, Plaintiff does not seek to name his criminal attorneys as defendants in this action. Accordingly, it appears the allegations concerning their action are provided for background and context. Although not necessarily relevant to the claims pending in this lawsuit, the Court declines to strike such allegations and shall allow them to stand. The Court will also allow the allegations intended to outline and provide additional narrative concerning certain events related to the production of discovery in his criminal case to remain. However, insofar as Plaintiff seeks to plead four state law claims, his request is denied. Plaintiff indicated that the state law claims were included in paragraphs 152 to 155 of his proposed amended complaint. Said paragraphs were not included in his proposed amendment. Accordingly, he shall not be allowed to proceed on any additional state law claims.

## Conclusion

For the foregoing reasons, Plaintiff's Motion for Leave to File a Third Amended Complaint (Doc. 37) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff shall be

allowed to amend his complaint and shall proceed on the following claims:

> Count One: Fourth Amendment claim against Stratman and Blair for the unlawful stop, search and seizure of Plaintiff on September 25, 2012.
>
> Count Two: Fourteenth Amendment equal protection claim against Stratman and Blair for stopping Plaintiff and searching him and/or his vehicle without probable cause.
>
> Count Three: Fourteenth Amendment equal protection claim against the City of Fairview Heights, Illinois, including Gailius, for maintaining a policy, custom or practice of stopping individuals without probable cause based on racial animus.
>
> Count Four: Conspiracy claims against Defendants Stratman, Blair, Gailius, Mueller, Kelly, Piper and the City of Fairview Heights for working together to deprive Plaintiff of his constitutional rights and covering up their misconduct in connection with the traffic stop, search and seizure that occurred on September 25, 2012.

The Clerk of Court is **DIRECTED** to file Plaintiff's proposed third amended complaint as the Third Amended Complaint. The Court notes that although the entirety of Plaintiff's proposed third amended complaint will be filed, only the claims set forth above will proceed in this action.

The Clerk of Court shall prepare for Defendants Timothy Mueller, Brendan Kelly, and James Piper: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Fourth Amended Complaint, and this Order to Defendants' places of employment as identified by Plaintiff. If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require Defendants to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the

Court. Plaintiff shall include with the original paper to be filed a certificate of service stating the date on which a true and correct copy of any document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Insofar as Plaintiff seeks a protective order allowing him to redact certain information in the exhibits submitted in support of his third amended complaint (Doc. 35), his Motion is **DENIED**. The information contained in the exhibits appended to Plaintiff's complaint have been redacted and the Court cannot discern any information that necessitates a protective order pursuant to Rule 26(c).

Finally, because the filing of Plaintiff's Third Amended Complaint necessarily supersedes his Second Amended Complaint, rendering it void, *Johnson v. Dossey*, 515 F.3d 780 (7th Cir. 2007), Defendants' motion to dismiss is **MOOT**. If Defendants believe the Third Amended Complaint does not cure the deficiencies complained of in their motion to dismiss, they may refile their motion.

**IT IS SO ORDERED.**

**DATED: March 5, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**