IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DALLAS MCINTOSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-1018-SMY-RJD |
| | ) | |
| BRENDAN F. KELLY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court to address several pending motions filed by Plaintiff (Docs. 48, 52, and 83), and Defendants (Docs. 60, 67, and 81). The Court's rulings are set forth below.

Plaintiff Dallas McIntosh, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 for an unlawful traffic stop, search, and seizure that allegedly occurred in Fairview Heights, Illinois, on September 25, 2012. On March 6, 2018, this Court granted Plaintiff's motion for leave to file a third amended complaint in part (Docs. 37 and 38).

Plaintiff explains that there was an error in the scanning of his Third Amended Complaint by the Court as said document was missing nearly a dozen pages that were never filed. Plaintiff asserts that because of the omission of these pages he was not allowed to proceed on several state law claims. Plaintiff contends that the Clerk's office is "clearly in possession" of the missing pages based on certain flaws he identifies in the copying. Plaintiff asks the Court to direct the Clerk to produce the original pleading so that the Court may review it and order that the error be corrected and the document re-filed in its entirety.

When Plaintiff's proposed amended third complaint was received by the Clerk's Office, there was an error in scanning the document. Accordingly, only sixty-five pages of the seventy-four page document were scanned and reviewed by the undersigned. The Court noted this omission in its order granting in part and denying in part Plaintiff's motion for leave to amend (*see* Doc. 38), finding that because the paragraphs setting forth Plaintiff's state law claims were not included in the document reviewed by the Court, he could not proceed on such claims. The Court has now been advised that following the filing of his Third Amended Complaint at Document 39, it came to the attention of the Clerk's Office that there were nine pages missing from the filed document. After conducting a search for Plaintiff's proposed third amended complaint in the Clerk's Office, the entire seventy-four pages were discovered and the Third Amended Complaint (Doc. 39) was modified to include the additional pages. Thus, the Third Amended Complaint that is now on file with the Court at Document 39 is the entirety of Plaintiff's proposed amendment.

The Court has reviewed the additional allegations that were previously omitted and sets forth Plaintiff's proposed state law claims below:

> Count Five: State law claim against Defendants Stratman and Blair for the unlawful stop, search and seizure of Plaintiff on September 25, 2012, in violation of Article I, Section 6 of the Illinois Constitution.
>
> Count Six: State law claim against Defendants Stratman and Blair for stopping Plaintiff and searching him and/or his vehicle without probable cause based on racial animus on September 25, 2012, in violation of Article I, Section 2 of the Illinois Constitution.
>
> Count Seven: State law claim against Defendant Gailius and the City of Fairview Heights, Illinois for maintaining a policy, custom, or practice of stopping individuals without probable cause based on racial animus, in violation of Article I, Section 2 of the Illinois Constitution.
>
> Count Eight: State law claim for fraud against Defendant Stratman for knowingly and falsely stating that Plaintiff had committed an Illinois Vehicle Code violation in order to induce Plaintiff to submit to the unlawful

search and seizure.

Plaintiff shall be allowed to proceed on these claims at this juncture as Plaintiff's motion for leave to amend was not unduly delayed, futile, or brought with dilatory motive. *See* FED. R. CIV. P. 15(a); *see also Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004). In light of this Order, Plaintiff's Notice to Court of Clerical Error (Doc. 48) is **GRANTED**. Defendants' pending motions to dismiss are **MOOT** (Docs. 60 and 67); however, such motions may be refiled within the timeframe set forth in the Federal Rules of Civil Procedure so that Defendants may respond to the additional allegations set forth in Counts Five through Eight. For clarification, Plaintiff is now proceeding on the following claims:

Count One: Fourth Amendment claim against Stratman and Blair for the unlawful stop, search and seizure of Plaintiff on September 25, 2012.

Count Two: Fourteenth Amendment equal protection claim against Stratman and Blair for stopping Plaintiff and searching him and/or his vehicle without probable cause.

Count Three: Fourteenth Amendment equal protection claim against the City of Fairview Heights, Illinois, including Gailius, for maintaining a policy, custom or practice of stopping individuals without probable cause based on racial animus.

Count Four: Conspiracy claims against Defendants Stratman, Blair, Gailius, Mueller, Kelly, Piper and the City of Fairview Heights for working together to deprive Plaintiff of his constitutional rights and covering up their misconduct in connection with the traffic stop, search and seizure that occurred on September 25, 2012.

Count Five: State law claim against Defendants Stratman and Blair for the unlawful stop, search and seizure of Plaintiff on September 25, 2012, in violation of Article I, Section 6 of the Illinois Constitution.

Count Six: State law claim against Defendants Stratman and Blair for stopping Plaintiff and searching him and/or his vehicle without probable cause based on racial animus on September 25, 2012, in violation of Article I, Section 2 of the Illinois Constitution.

Count Seven: State law claim against Defendant Gailius and the City of Fairview Heights, Illinois for maintaining a policy, custom, or practice of stopping individuals without probable cause based on racial animus, in violation of Article I, Section 2 of the Illinois Constitution.

Count Eight: State law claim for fraud against Defendant Stratman for knowingly and falsely stating that Plaintiff had committed an Illinois Vehicle Code violation in order to induce Plaintiff to submit to the unlawful search and seizure.

Given the current posture of this case, the Court **GRANTS** Plaintiff's Motion for an Extension of Discovery and Dispositive Motion Deadlines (Doc. 52), Defendants' Joint Motion to Continue Pre-Trial and Trial Dates and Discovery and Dispositive Motion Deadlines (Doc. 81), and Plaintiff's Second (Emergency) Motion for an Extension of Deadlines for Conducting Discovery and Filing Dispositive Motions (Doc. 83), and **ENTERS** the following **AMENDED SCHEDULING ORDER**:

1. All discovery, including expert discovery, shall be completed by August 2, 2019.
2. Any dispositive motions shall be filed by September 6, 2019.
3. Final Pretrial Conference is set for March 4, 2020 at 10:00 a.m.
4. Jury trial is set for March 16, 2020 at 9:00 a.m.

**IT IS SO ORDERED.**

**DATED: October 2, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**