IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DALLAS MCINTOSH, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:16-cv-1018-SMY-RJD |
| BRENDAN F. KELLY, et al., | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Recruitment of Counsel (Doc. 50), Motion for Leave to Supplement his Motion for Recruitment of Counsel (Doc. 78), and Motion for Extension of Time to File a Reply to Defendants' Response to his Motion for Leave to Supplement (Doc. 87). For the reasons set forth below, the Motions are **DENIED**.

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently

present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656.

Here, Plaintiff has met his threshold burden by showing he has made reasonable, albeit unsuccessful attempts, to recruit counsel. However, the Court finds that Plaintiff appears competent to litigate this matter at this time. Plaintiff's pleadings to date demonstrate an ability to articulate clearly and effectively, and also reflect an understanding of the law. Plaintiff also represents that he is a college graduate. While the Court is mindful of Plaintiff's concerns that he has no legal training or education and limited access to the law library, such circumstances are not unique to Plaintiff as a pro se litigant and do not necessarily warrant recruitment of counsel. The Court also recognizes Plaintiff's concerns regarding witness testimony and the complexity of this matter. While cognizant of these concerns, this matter is in the initial stages and it is not yet clear if Plaintiff will be met with significant issues concerning discovery or if discovery will be particularly onerous or complex. For these reasons, Plaintiff's Motion for Recruitment of Counsel (Doc. 50) is **DENIED**. Plaintiff's Motion for Leave to Supplement his Motion for Recruitment of Counsel (Doc. 78) and Motion for an Extension of Time to File a Reply to Defendants' Response to his Motion to Supplement (Doc. 87) are also **DENIED**. The documents Plaintiff asks to file to supplement his motion for recruitment of counsel do not substantiate his request for counsel and do not provide a compelling reason for the Court to reconsider its decision.

**IT IS SO ORDERED.**

**DATED: October 4, 2018**

              *s/ Reona J. Daly*
              **Hon. Reona J. Daly**
              **United States Magistrate Judge**