IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DALLAS MCINTOSH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 16-CV-1018-SMY-RJD ) |
| BRENDAN F. KELLY, NICHOLAS GAILIUS, JEFF STRATMAN, JEFF BLAIR, TIMOTHY MUELLER, JAMES G. PIPER, and CITY OF FAIRVIEW HEIGHTS, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for consideration of several appeals of Magistrate Judge Reona J. Daly's rulings filed by Plaintiff Dallas McIntosh (Docs. 100, 101, 111, 117, and 118). For the following reasons, the appeals are **DENIED**.

In reviewing a magistrate judge's ruling on a non-dispositive matter, a district judge should not disturb the ruling unless it is contrary to law or clearly erroneous. 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); SDIL-LR 73.1(a). Running themes throughout Plaintiff's appeals are delay in receiving rulings and the magistrate judge's perceived bias. While the Court acknowledges Plaintiff's frustration with the amount of time Plaintiff he has had to wait for rulings, his is not the only case on the Court's busy docket.

Plaintiff's first and final appeals (Doc. 100 and 118) take issue with the *sua sponte* extension of time (Doc. 93) granted to Defendants to respond to a motion to compel (or file a supplement to the response) and the subsequent mooting of the motion to compel (Doc. 115).

Plaintiff is correct in identifying Federal Rule of Civil Procedure 6 as the relevant Rule in determining whether a party should be given an extension of time to respond to pending motions. However, the Court exercises broad discretion in discovery and Judge Daly required a response and supplement to the Motion to Compel to issue a ruling. There is no clear error in this approach. The Court reaches the same conclusion with respect to Plaintiff's objection to the Order mooting his motion to compel. Judge Daly reasonably concluded that the motion to compel was moot because Defendants provided the discovery responses that Plaintiff sought. Plaintiff's arguments that the discovery responses were inadequate and that his subsequent demand of $1000.00 in sanctions were not raised in the motion and will not be addressed here in the first instance.

Plaintiff's next appeal (Doc. 101) concerns the denial of his request for recruited counsel (Doc. 95). There is no constitutional or statutory right to court-appointed counsel in a federal civil case. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Nevertheless, 28 U.S.C. § 1915(e)(1) permits a court, in its discretion, to ask lawyers to represent indigent litigants on a volunteer basis. In deciding whether to recruit counsel, a court must first inquire whether the plaintiff has made a reasonable attempt to obtain counsel or has been effectively precluded from doing so. *Pruitt*, 503 F.3d at 654–55. Then the court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate the case on his or her own. *Id.*

Plaintiff appeals Judge Daly's determination that he is competent to handle his case and believes that the appointment of counsel is necessary because he has no legal experience and will experience significant hardship conducting discovery. Plaintiff's *pro se* claim is based on an allegedly unlawful stop, search, and seizure in September 2012. Upon its review of the record, the Court notes that Plaintiff has a college education and has demonstrated an ability in this case to present the Court with clear and rational legal arguments. While Plaintiff would like an attorney

to assist him with depositions and discovery, the same can undoubtedly be said for all prisoner plaintiffs. Unfortunately, however, this Court does not have the ability to recruit counsel for each and every *pro se* plaintiff. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), *reh'g denied* (May 16, 2014).

Plaintiff's next appeal concerns the granting in part of extensions of time for him to respond to outstanding discovery requests and a motion to dismiss (Doc. 111). The Court finds no clear error in the Judge Daly's rulings. Plaintiff was granted a 30 day extension to respond to 25 interrogatories and 16 requests for production of documents from one set of Defendants and 15 interrogatories and 17 requests for production of documents from another set of Defendants (Doc. 107). Judge Daly declined to grant the 180-day extension Plaintiff requested, finding the request excessive and without good cause. However, Judge Daly did not foreclose the possibility of Plaintiff seeking more time to respond to the discovery requests should the need have arisen. That Plaintiff may not have had access to documents or law library time should not have hindered his ability to respond to discovery requests as such requests rarely require legal research.

Judge Daly also declined to extend the deadline to respond to a motion to dismiss by 120 days (Doc. 106). That motion to dismiss was filed on October 11, 2018 and Plaintiff was first granted an extension until December 17, 2018 to file a response and then to January 11, 2019 (after this appeal was filed). Plaintiff eventually filed his response on January 14, 2019 (Doc. 127). The Court finds no clear error in Judge Daly's management of the deadlines in this matter.

Finally, Plaintiff appeals Judge Daly's decision not to stay these proceedings for 2 months because Plaintiff injured his right/dominant arm while exercising and the motion to reconsider that ruling (Doc. 117). This appeal is now moot. The 2-month stay Plaintiff requested has passed and Plaintiff has been able to file numerous handwritten documents in this case since that time.

The Court finds no bias in any of Magistrate Judge Daly's rulings. The fact that Plaintiff may not agree with Judge Daly's reasoning is not an indication of bias. *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). For the above reasons, Plaintiff's Appeals of the Magistrate Judge's Rulings are **DENIED** (Docs. 100, 101, 111, 117, and 118).

**IT IS SO ORDERED.**

**DATED: May 9, 2019**

*/s/ Staci M. Yandle*

**STACI M. YANDLE**
**United States District Judge**