IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DALLAS MCINTOSH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 16-cv-1018-SMY |
| BRENDAN F. KELLY, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Dallas McIntosh, an inmate of the Illinois Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983 related to a traffic stop and subsequent prosecution that led to his current incarceration. He claims he was unlawfully stopped, searched, and seized in violation of his federal and state constitutional rights. This matter is before the Court for consideration of the Motion to Dismiss filed by Defendants City of Fairview Heights, Nicholas Gailius, Jeff Stratman, Timothy Mueller, and Jeff Blair. (Doc. 155). Plaintiff filed an opposition to the Motion. (Doc. 171).

### Background

McIntosh makes the following allegations in the Third Amended Complaint (Doc. 39): McIntosh was driving his car on September 25, 2012 in Fairview Heights, Illinois when he was pulled over by Stratman, a Fairview Heights police officer, for allegedly failing to signal while changing lanes. While Stratman was reviewing McIntosh's paperwork, Blair arrived with a canine unit and conducted a drug-sniff of McIntosh's car. McIntosh does not remember what happened immediately afterwards but does recall waking up in the hospital and learning that he had been shot multiple times and had been in a coma. McIntosh was indicted on ten felony counts and

prosecuted by St. Clair County States Attorney Kelly and Assistant States Attorney Piper October 19, 2012. He ultimately pled guilty and was sentenced on January 29, 2015.

McIntosh alleges the traffic stop was motivated by his race. Additionally, he alleges that Kelly, Gailius, Piper, Mueller, Stratman, and Blair engaged in a conspiracy between the Fairview Heights Police Department and the State's Attorney's Office to conceal the misconduct of Stratman and Blair and to fabricate probable cause for the traffic stop. He asserts the following claims related to those events:

Count 1: Fourth Amendment claim against Stratman and Blair for the unlawful stop, search, and seizure of Plaintiff on September 25, 2012.

Count 2: Fourteenth Amendment equal protection claim against Stratman and Blair for stopping Plaintiff and searching him and/or his vehicle without probable cause.

Count 3: Fourteenth Amendment equal protection claim against the City of Fairview Heights, Illinois, including Gailius, for maintaining a policy, custom or practice of stopping individuals without probable cause based on racial animus.

Count 4: Conspiracy claims against Defendants Stratman, Blair, Gailius, Mueller, and the City of Fairview Heights for working together to deprive Plaintiff of his constitutional rights and covering up their misconduct in connection with the traffic stop, search and seizure that occurred on September 25, 2012.[1]

Count 5: State law claim against Defendants Stratman and Blair for the unlawful stop, search, and seizure of Plaintiff on September 25, 2012, in violation of Article I, Section 6 of the Illinois Constitution.

Count 6: State law claim against Defendants Stratman and Blair for stopping Plaintiff and searching him and/or his vehicle without probable cause based on racial animus on September 25, 2012, in violation of Article I, Section 2 of the Illinois Constitution.

Count 7: State law claim against Defendant Gailius and the City of Fairview Heights, Illinois for maintaining a policy, custom, or practice of

---

[1] McIntosh was proceeding against Defendants Kelly and Piper in Count 4, but they have been dismissed.

> stopping individuals without probable cause based on racial animus, in violation of Article I, Section 2 of the Illinois Constitution.

Count 8: State law claim for fraud against Defendant Stratman for knowingly and falsely stating that Plaintiff had committed an Illinois Vehicle Code violation in order to induce Plaintiff to submit to the unlawful search and seizure.

(Docs. 38 and 89).

## Discussion

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Lodholtz v. York Risk Servs. Group, Inc.*, 778 F.3d 635, 639 (7th Cir. 2015) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a motion to dismiss, the Court accepts all factual allegations in the complaint to be true and draws all reasonable inferences in the light most favorable to the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010). Additionally, *pro se* complaints are to be liberally construed. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013).

## Judicial Estoppel

As an initial matter, Plaintiff contends the arguments raised in Defendants' Motion are barred by judicial estoppel. "Judicial estoppel is an equitable concept that prevents parties from playing 'fast and loose' with the courts by prevailing twice on opposing theories." *In re Airdigm Commc'n, Inc.*, 616 F.3d 642, 661 (7th Cir. 2010). "Although the Supreme Court has emphasized that there is no formula for judicial estoppel, it has identified at least three pertinent factors for courts to examine: (1) whether the party's later position was clearly inconsistent with its earlier

position; (2) whether the party against whom estoppel is asserted in a later proceeding has succeeded in persuading the court in the earlier proceeding; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* (internal citation and quotation marks omitted).

McIntosh contends Defendants' arguments require the Court to assume a fact other than the position taken in the criminal proceedings that he was lawfully stopped for failing to signal when changing lanes. He states his claims are based on the fact that he was unlawfully stopped and that both factual positions cannot be true. The Court finds Plaintiff's argument unavailing.

Defendants' argument, that if there was an unlawful traffic stop on September 25, 2012, then the constitutional violation accrued at that time, is not "clearly inconsistent" with the position that there was a lawful traffic stop. Nor are any of their other arguments "clearly inconsistent" with their earlier position. Thus, judicial estoppel does not bar the arguments raised by Defendants in the Motion.

**Counts 1-4**

*Statute of Limitations*

Defendants contend Counts 1-4 are barred by the applicable two-year statute of limitations. They assert that McIntosh's cause of action accrued on September 25, 2012 and that the filing of this case on September 8, 2016 was long after the statute of limitations had expired. Although "a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations," a district court may dismiss a claim under Rule 12(b)(6) if the complaint reveals that the claim is unquestionably untimely. *Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 493 (7th Cir. 2017).

The statute of limitations for § 1983 claims is governed by state law. *Wallace v. Kato*, 549

U.S. 384, 387 (2007). In Illinois, the applicable statutory period is two years. *Id.* The accrual date is determined by federal law and the claim accrues when a plaintiff knows or should have known that his constitutional rights have been violated. *Wallace*, 549 U.S. at 388; *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006).

In the Third Amended Complaint, McIntosh alleges that, due to injuries he sustained, he has no memory of the reason for the traffic stop or the subsequent events. He further alleges that he did not become aware of the unlawful nature of the traffic stop until his sentencing in 2015, when he viewed the video recording of the traffic stop. Additionally, he raises issues of equitable tolling, fraudulent concealment, and equitable estoppel, which he contends are supported by the factual allegations in the Third Amended Complaint.

It is unclear from the allegations in the Third Amended Complaint whether McIntosh's claims are untimely because there is a factual issue as to when he knew or *should have known* of the alleged constitutional violations. Accordingly, the motion to dismiss Counts 1-4 as barred by the statute of limitations is denied at this juncture.

### *Heck Doctrine*

Defendants also argue that Counts 1-4 are barred under *Heck v. Humphrey* because the claims necessarily imply the invalidity of McIntosh's criminal conviction and sentence. In *Heck,* the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity

> of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. 477, 486-87 (1994). If, however, "the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* at 487.

The substance of a prisoner's section 1983 action must be examined in order to determine whether success would imply the invalidity of an underlying conviction or sentence. *Mordi v. Zeigler*, 870 F.3d 703, 707 (7th Cir. 2017). That is to say, "no matter the relief sought," "no matter the target of the prisoner's suit," the key question is whether success in the action would necessarily demonstrate the invalidity of confinement or its duration. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *see also Okoro v. Callagan*, 324 F.3d 488, 490 (7th Cir. 2003) ("It is irrelevant that [plaintiff][ ] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit."). Thus, whether a claim is barred by *Heck* turns on the plaintiff's allegations.

Contrary to Defendants' assertion, the claims in Counts 1-3 do not necessarily impugn McIntosh's guilty plea or sentence as he is not seeking any form of relief that would undermine his guilty pleas or conviction. See, *Wallace v. Kato*, 549 U.S. 384 (2007); *Mordi*, 870 F.3d at 707-708. To the extent the claims in Counts 1-3 pertain only to the alleged unlawful traffic stop on September 25, 2012 and policies, customs, or practices in existence at that time, they do not challenge the validity of McIntosh's guilty plea or sentence. "All he can hope for in his Fourth Amendment case would be some form of damages for the loss of his time and the dignitary insult inflicted by racial discrimination." *Id.* at 708. As such, the claims in Counts 1-3 are not *Heck-*

barred.[2]

However, Count 4 is *Heck*-barred. In Count 4, McIntosh alleges an unlawful conspiracy that occurred after the traffic and carried through the prosecution and sentencing. (Doc. 39, pp. 20-40). He claims that as a result of the defendants' alleged misconduct, he was misled into a guilty plea. Specifically, he alleges: the failure to signal when changing lanes was offered as the probable cause for the traffic stop in the factual basis statement for his guilty plea (*Id.*, p. 6); the statements, testimony, and reports that falsely stated he had been stopped for failing to signal when changing lanes, which were the product of the conspiracy, were meant to be interpreted by him as the probable cause for a legal seizure (*Id.*, p. 8); and that he "did in-fact rely on all the representations as establishing probable cause for [his] seizure prior to the plea of guilty." (*Id.*). Although he seeks monetary damages, he alleges he has been and will continue to be irreparably injured by the conduct of the Defendants (*Id.*, p. 41), indicating a continuing injury. Based on these allegations, a success on the conspiracy claim would imply the invalidity of McIntosh's guilty plea, and the claim is therefore barred under *Heck*. Accordingly, the Motion to Dismiss is granted as to Count 4 but denied as to Counts 1-3.

## Counts 5-7

### *Statute of Limitations*

Defendants also contend the Illinois constitutional claims in Counts 5-7 are barred by the applicable five-year statute of limitations. They assert the claims accrued on September 25, 2012 but were not raised in this action until the filing of the Third Amended Complaint in 2018. Illinois constitutional claims are governed by the five-year statute of limitations set forth in Section 13-205 of the Illinois Code of Civil Procedure. 735 ILCS 5/13-205; *Raintree Homes, Inc. v. Village*

---

[2] If McIntosh seeks damages related to the claims in Counts 1-3 for events that occurred after September 25, 2012 (i.e. the prosecution, his guilty plea, his incarceration), the *Heck* bar **would** be implicated.

*of Kildeer*, 302 Ill.App.3d 304, 307 (1999). Under Illinois' discovery rule, "a cause of action accrues, and the limitations period begins to run, when the party seeking relief knows or reasonably should know of an injury and that it was wrongfully caused. *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 89 (Ill. 2003). As previously noted, a factual issue as to when McIntosh knew or *should have known* of the alleged constitutional violations precludes a determination on this issue at this stage.[3] Accordingly, the Motion is also denied as to Counts 5-7.

### *Failure to State a Claim – Counts 5-7*

In Counts 5 and 6, McIntosh attempts to bring state law claims for violations of the Illinois Constitution. However, there is no private right of action or express remedy under the Illinois Constitution for such claims. *Shevlin v. Rauner*, 3:18-cv-02076-NJR, 2019 WL 1002367, at *2 (S.D. Ill. Mar. 1, 2019) (collecting cases). Further, his federal law claims (Counts 1 and 2) provide an adequate remedy. The Court will, therefore, *sua sponte* dismiss Counts 5 and 6.

Defendants seek dismissal of the *Monell* state law claim in Count 7 because no such claim exists under Illinois law. McIntosh concedes that point but contends his claim is incorrectly interpreted. He states he intended to bring a *respondeat superior* liability claim pertaining to his state law claims. A *respondeat superior* liability claim, while not permissible in a § 1983 action, is allowed under Illinois state law. *Mattila v. City of Belleville*, 539 N.E.2d 1291, 1293 (Ill.App. 1989). As a general rule, a municipality may be held liable for the tortious acts of police officers acting within the scope of their employment. *Brown v. King*, 767 N.E.2d 357, 360 (Ill.App. 2001).

The Court construes McIntosh's response as seeking leave to amend the claim in Count 7. Rule 15(a)(2) provides that "the court should freely give leave when justice so requires." Nevertheless, the Court may deny leave to amend for undue delay, bad faith, dilatory motive,

---

[3] Defendants' motion does not address whether the claims relate back to the original Complaint, but it is not necessary to address that issue.

prejudice, or futility. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993). Here, a *respondeat superior* claim presents a different theory of liability although it does not require additional discovery. However, *respondeat superior* liability only applies to state law tort claims, and McIntosh's state law claims in Counts 5-7 are being dismissed as previously noted and his state law fraud claim in Count 8 is being dismissed as set forth below. Because the Court finds there is no valid state law claim to serve as a basis for a *respondeat superior* liability against the City of Fairview Heights, the amendment McIntosh seeks would be futile.

## Count 8

### *Statute of Limitations*

Defendants seek dismissal of the state law fraud claim in Count 8 on the grounds that it is barred by the statute of limitations in the Illinois Governmental and Governmental Employees Tort Immunity Act. Under § 8-101 of the Illinois Tort Immunity Act, a civil action against a local public entity or its employees acting within the scope of their employment must be brought within one year from the date the injury was received. 745 ILCS 10/8-101(a). According to the Third Amended Complaint, at the latest, McIntosh became aware of the alleged unlawful nature of the traffic stop and his resulting injuries at the time of his sentencing on January 29, 2015 when he viewed the video recording. Even if the claim in Count 8 relates back to the filing of the original Complaint on September 8, 2016, it is untimely under the Illinois Tort Immunity Act and is, therefore, barred.[4] Accordingly, Count 8 is dismissed.

## **Disposition**

For the foregoing reasons, the Motion to Dismiss filed by Defendants City of Fairview

---

[4] In light of finding the claim is barred by the applicable statute of limitations, the Court need not make a determination as to Defendants' argument that Count 8 fails to state a claim for relief.

Heights, Nicholas Gailius, Jeff Stratman, Timothy Mueller, and Jeff Blair (Doc. 155) is **DENIED** as to Counts 1, 2, and 3 and **GRANTED** as to Counts 4, 7, and 8.  Counts 4 and 7 are **DISMISSED** without prejudice and Count 8 is **DISMISSED** with prejudice.  Further, the Court *sua sponte* **DISMISSES** without prejudice Counts 5 and 6 for failure to state a claim for relief. Defendant Timothy Mueller is **DISMISSED** without prejudice and the Clerk of Court is **DIRECTED** to **TERMINATE** him as a party.

    **IT IS SO ORDERED.**

    **DATED: March 16, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**