IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DALLAS MCINTOSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:16-cv-01018-SMY |
| | ) |
| BRENDAN F. KELLY, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

**YANDLE, District Judge:**

This matter comes before the Court on the Amended Motion for Temporary Stay of Proceedings and Withdrawal of Counsel (Doc. 215) filed by Plaintiff's counsel.[1] The Court conducted a hearing on the motion on March 15, 2021. For good cause shown, the motion to withdraw as counsel will be granted and Attorney Paulson will be relieved of his assignment.

Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A district court considering an indigent plaintiff's request for counsel must first consider whether the plaintiff has made reasonable attempts to secure counsel on his own or been effectively precluded from doing so; and, if so, whether the difficulty of the case factually and legally exceeds his capacity as a layperson to present it. *Id.* at 654-655. Only the second consideration is at issue here. In making that determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Id.* at 655-656; *see also Mejia v. Pfister*, 988 F.3d 415 (7th Cir. 2021).

---

[1] In light of the Amended Motion for Temporary Stay of Proceedings and Withdrawal of Counsel (Doc. 215), the original motion (Doc. 214) is **TERMINATED as MOOT**.

The Court recruited counsel to assist Plaintiff when it became clear that there was a significant amount of discovery that needed to be accomplished that was likely beyond Plaintiff's capacity.  Recruited counsel has fulfilled that task.  Beyond the discovery difficulties, Plaintiff has demonstrated that he is capable of comprehending and navigating the litigation process.  He is a college graduate and has demonstrated an understanding of his claims, the factual and legal issues, and the evidence.  He has also demonstrated an ability to convey his positions on the issues.  He litigated the case for over three years prior to recruitment of counsel, including successfully opposing defendants' motion to dismiss.  He amended his Complaint three times, navigated a myriad of discovery issues, and had some success on motions to compel.   Additionally, he is an experienced litigator, having filed two other cases in this district.  After consideration of the *Pruitt* factors, the Court concludes that at this juncture, Plaintiff is capable of prosecuting his claims without the assistance of counsel.

Accordingly, the Amended Motion for Temporary Stay of Proceedings and Withdrawal of Counsel (Doc. 215) is **GRANTED in part** and **DENIED in part**.  The motion to withdraw as counsel is **GRANTED** and the Clerk of Court is **DIRECTED** to **TERMINATE** Sterling M. Paulson and Jordan Michael Blain as counsel of record for Plaintiff.  The request to stay the proceedings is **DENIED** but the request to extend the discovery and dispositive motions deadlines is **GRANTED**.  In that regard, the Scheduling Order is **AMENDED** as follows: All discovery shall be completed by June 24, 2021. Any dispositive motion shall be filed by August 24, 2121.

  **IT IS SO ORDERED.**

  **DATED:  March 19, 2021**

                                       *s/ Staci M. Yandle*
                                       **STACI M. YANDLE**
                                       **United States District Judge**