IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DALLAS MCINTOSH, #B85114 )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BRENDAN F. KELLY, *et al.* )<br>)<br>Defendants. ) | Case No. 3:16-cv-01018-SMY |

## NOTICE, ENTRY, AND ORDER
## PURSUANT TO THE ALL WRITS ACT

**TO:   DEANNA BROOKHART, LAWRENCE CORRECTIONAL CENTER WARDEN**

Dallas McIntosh, Plaintiff in the above action, is confined within your institution. Plaintiff (1) is proceeding *pro se* in this action, (2) has need to meet deadlines in connection with the case and to prepare for its disposition, and (3) has alleged in two separate motions that he has been denied access to legal materials and the law library due to a pending transfer and coronavirus-related restrictions.

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), this Court has authority "to issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *United States v. New York Tel. Co.*, 434 U.S. 159, 172 (1977). In appropriate circumstances, the Court may exercise its authority under the Act with respect to people or entities not parties to the underlying litigation "who are in a position to frustrate ... the proper administration of justice." *Id.* at 174.

The Court is careful not to interfere in day-to-day prison operations. That said, Plaintiff's allegations of denial of access to the materials and/or resources necessary for him to proceed in this action warrant your inquiry and response. As such, the Court finds that resort to the All Writs

Act is appropriate to ensure its jurisdiction to resolve this matter is not thwarted. *See King v. Villegas*, No. 117-CV-00676, 2019 WL 4929794, at *2 (E.D. Cal. Oct. 7, 2019) ("Thus, use of the All Writs Act is appropriate in prisoner civil rights cases where non-party correctional officials are impeding the prisoner-plaintiff's ability to litigate his pending action.").

**IT IS THEREFORE ORDERED**:

1. A hearing by video conference before the undersigned is set for November 8, 2021 at 2:15 p.m. via Zoom video conference.

2. Warden Brookhart is **ORDERED** to arrange for at least one witness familiar with Plaintiff's allegations pertaining to a pending transfer and access to the law library and his legal materials to testify at the hearing. The witness should be prepared, to the extent possible, to testify and present evidence regarding whether Plaintiff has a pending transfer to another facility and whether Plaintiff has meaningful access to the legal materials, supplies, and/or resources reasonably necessary to proceed in this action in accord with the schedule and deadlines the Court has established.

3. The Clerk of Court is **DIRECTED** to send a copy of this Notice, Entry, and Order and copies of Plaintiff's motions for extension of time (Docs. 234, 236) to Warden Brookhart and to Christopher Higgerson, legal counsel for the Illinois Department of Corrections.

4. The Clerk of Court is further **DIRECTED** to issue a Writ to obtain Plaintiff's presence at the hearing via video.

**IT IS SO ORDERED.**

**DATED:  October 26, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**