IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DALLAS MCINTOSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-CV-1018-SMY |
| | ) |
| NICHOLAS GAILIUS, et al, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Now pending before the Court is Plaintiff's Motion to Dismiss Fifth Amended Complaint and Motion for Temporary Stay (Doc. 264). Defendants responded to the motion (Doc. 266) and Plaintiff filed a reply (Doc. 267). For the following reasons, Plaintiff's motion is **GRANTED** in part, and this matter will be **DISMISSED with PREJUDICE**.

Plaintiff Dallas McIntosh filed this 42 U.S.C. § 1983 action related to a traffic stop. He claims that, on September 25, 2012, he was unlawfully stopped, searched, and seized by Defendants in violation of his federal and state constitutional rights. During the traffic stop, Plaintiff shot at Defendant Stratman and another officer not named as a defendant in this case. *People v. McIntosh*, 2020 IL App (5th) 170068, ¶ 5.

On October 4, 2012, the State of Illinois charged Plaintiff with 10 offenses stemming from the September 25, 2012 incident: two counts of attempted first degree murder; one count of aggravated battery; three counts of aggravated discharge of a firearm against a peace officer; one count of armed violence; one count of unlawful possession of cannabis with intent to deliver; one count of aggravated unlawful use of a weapon; and one count of aggravated fleeing or attempting to elude a peace officer. *Id.* at ¶ 7. Plaintiff pled guilty to 5 of the 10 offenses and received a 40-

year concurrent sentence. *Id.* at ¶¶ 8-14. The Illinois Appellate Court affirmed his convictions and sentences (*Id.* at ¶¶ 79-80), and the Illinois Supreme Court denied his Petition for Leave to Appeal. *People v. McIntosh*, 154 N.E.3d 806 (2020).

The parties agree that as a result of the aforementioned decisions by the Illinois Appellate Court and Illinois Supreme Court, this matter should be dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994) because Plaintiff's lawsuit implies that his criminal convictions and sentences are invalid. However, the parties disagree as to whether dismissal should be with or without prejudice.

Under the circumstances presented, whether to dismiss the case with or without prejudice is at the court's discretion. *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 177 (7th Cir. 1994). The court abuses its discretion only when a defendant will suffer "plain legal prejudice as a result of dismissal." *U.S. v. Outboard Marine Corp.,* 789 F.2d 497, 502 (7th Cir. 1986). In making the determination, the court generally considers: (1) the defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation for the need to take dismissal; and (4) the fact that a dispositive motion has been filed by the defendant. *Pace v. Southern Express Co.,* 409 F.2d 331 (7th Cir. 1969).

Here, the relevant factors warrant a dismissal with prejudice. Plaintiff has litigated against Defendants for over six years, involving more than 250 docket entries and countless hours of motion practice and discovery. Yet, he proposes dismissal without prejudice on the unlikely chance that his convictions are someday overturned and he could then summon Defendants back to this court. Simply put, the interests of justice do not militate in favor of holding this litigation over Defendants' heads for perpetuity.

### Conclusion

For the foregoing reasons, Plaintiff's motion (Doc. 264) is **GRANTED in part**; this case is **DISMISSED with PREJUDICE**. All pending motions are **TERMINATED as MOOT**, and the Clerk of Court is **DIRECTED** to enter judgment and close the case.

**IT IS SO ORDERED.**

**DATED: February 2, 2023**

**STACI M. YANDLE**
**United States District Judge**